UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

A.C. and T.C., on behalf of their minor children G.C. and A.C.,

v.

STARPOINT CENTRAL SCHOOL DISTRICT, DR. SEAN CROFT, individually and in his official capacity as current Superintendent, MAUREEN BRAUNSCHEIDEL, individually and in his official capacity as former Superintendent, DR. ALAN INGRAHAM, individually and in his official capacity as High School Principal, DR. COREY GRAY, individually and in his official capacity as Middle School Principal, DR. THOMAS SZALKOWSKI, individually and in his official capacity as School Physician, FRAN ANDERSON, individually and in her official capacity as Middle School Nurse, JOHN ANDREWS, individually and in his official capacity as Director of Administrative Services, VINCENT DELL'OSO, individually and in his official capacity as Athletic Director, JOHN DOE(s), individually and in their official capacities,

Defendants.

24-CV-1047 (JLS)

---

## **ORDER**

The Court has studied the parties' motions *in limine* (Dkt. 47, 48) and oppositions (Dkt. 49, 52), as well as their hearing briefs (Dkt. 50, 51). In order to

aid the parties' hearing preparations, and to streamline proof at the hearing, the Court decides the motions as follows:

Regarding likelihood of success on the merits, the hearing will focus on:

1. Whether the exemption request was facially and procedurally valid (which it appears to be for purposes of the Constitutional analysis);

2. The reason(s) that Defendants sought more information, and scrutinized and rejected the exemption; and

3. Whether any such proffered reason offends the Constitution.

Regarding other preliminary injunction factors, the hearing may also be informed by proof, if any, that Dr. Riccione was actually and materially deceived by Plaintiffs, and by any proof of current vaccine risk to A.C.'s health.

Given these varied topics of inquiry, with varying theories of relevance:

1. Plaintiffs' [47] motion *in limine* is GRANTED to the extent that medical opinion evidence shall not exceed the topics above;

2. A.C.'s substantive entitlement to the exemption, as a matter of medical opinions, is not a proper inquiry for this Court;

3. Defendants' [48] motion *in limine* to preclude opinion testimony that the tic disorder is progressive or unstable is GRANTED in accordance with the parameters above, especially immediately preceding item 2; and

4. Defendants' [48] motion *in limine* to preclude opinion testimony that the tic disorder was caused by a 2018 vaccination is GRANTED.

Nothing in this order limits the parties' presentations of historical evidence about the factual events that occurred in this case.

At the hearing, if justified by admitted testimony or by clarifying argument, these rulings may be adjusted, if necessary, to keep the hearing appropriately focused and fair to both sides.

SO ORDERED.

Dated:   February 7, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE