UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
NOV 16 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

A.A.C., on behalf of minor children GC and AC; and T.C., on behalf of minor children GC and AC,

Plaintiffs,

24-CV-1047 (JLS) (LGF)

v.

STARPOINT CENTRAL SCHOOL DISTRICT; MAUREEN BRAUNSCHEIDEL, individually and in her official capacity as Acting Superintendent; DR. ALAN INGRAHAM, individually and in his official capacity as High School Principal; DR. COREY GRAY, individually and in his official capacity as Middle School Principal; DR. THOMAS SZALKOWSKI, individually and in his official capacity as School Physician; FRAN ANDERSON, individually and in her official capacity as Middle School Nurse; JOHN ANDREWS, individually and in his official capacity as Director of Administrative Services; VINCENT DELL'OSO, individually and in his official capacity as Athletic Director; JOHN DOE(S), individually and in his official capacities; and DR. SEAN CROFT, individually and in his official capacity as former Superintendent,

Defendants.

**DECISION AND ORDER**

Plaintiffs bring this action on behalf of their minor children, A.C. and G.C.,

against the Starpoint Central School District (the "District"), as well as several District officials, based on the District's denial of vaccine exemption requests submitted on behalf of A.C. and G.C. Dkt. 25. The case has been referred to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 91.

Before the Court is Judge Foschio's Report and Recommendation (R&R) addressing Defendants' motion for summary judgment (Dkt. 108) and Plaintiffs' motion for a preliminary injunction (Dkt. 110). Dkt. 138. Judge Foschio recommends that Defendants' motion for summary judgment be granted as to A.C. and that—although the motion did not seek dismissal as to G.C.—those claims be dismissed because they are essentially the same as Plaintiffs' claims on behalf of A.C. Dkt. 138 at 83. He further recommends that Plaintiffs' motion for injunctive relief be dismissed as moot or, alternatively, denied. *Id.*

Plaintiffs objected to the R&R. Dkt. 143. Specifically, they objected to the recommendation that this Court grant summary judgment on (1) their First Amendment retaliation claim in the fourth cause of action, (2) their *Monell* claim in the ninth cause of action, and (3) their quasi-state law claim. *Id.* at 9-14. Plaintiffs further objected to the R&R on the grounds that it incorrectly resolved the issue of qualified immunity. *Id.* at 20-21. Plaintiffs submitted supplemental authority in support of their objections. Dkt. 147. Defendants opposed, Dkt. 150, and Plaintiffs replied, Dkt. 151.

On September 17, 2026, this Court issued a text order stating, in relevant part:

> In light of the current legal landscape . . . as well as the record on summary judgment . . . this Court is inclined to conclude that a triable issue of fact exists as to whether Defendants engaged in an improper discretionary review of Dr. Riccione's 2024 vaccine waiver such that there was no rational basis to reject the request . . . In this Court's view, however, a question remains as to whether any resulting claim is moot.

Dkt. 152.

Accordingly, the Court ordered Plaintiffs to show cause "why any such claim that would survive summary judgment should not nevertheless be dismissed as moot given the expiration of the 2024 exemption request." *Id.* The Court also directed Plaintiffs to "specifically identify the claims, if not moot, that would remain for trial, including details, such as the plaintiff by whom such claim is brought and the specific exemption request to which it pertains." *Id.* Plaintiffs filed their submission on October 7, 2026. Dkt. 155. Defendants responded on October 28, 2026. Dkt. 158.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For a dispositive matter, the district court reviews *de novo* the parts of the R&R to which the parties object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on that review, the Court accepts and adopts the R&R in its entirety, except that Plaintiffs' quasi-state law claim is dismissed as moot for the reasons at Dkt. 158. *See Evans v. New York City Dep't of Educ.*, 2024 WL 4501963, at *1 (2d Cir. Oct. 16, 2024) (citation omitted) ("A case becomes moot 'when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'"); *Whitfield v. City of New York*, 96 F.4th 504, 520 (2d Cir. 2024) (citation omitted) ("[I]n an Article 78 proceeding, the court may not award damages other than those 'incidental to the primary relief sought.'"); *Antonsen v. Ward*, 943 F.2d 198, 203 (2d Cir. 1991) ("We found substantial New York authority to indicate that damages for civil rights violations are not incidental to the primary relief sought in Article 78 proceedings."); *DeMaria v. New York State Unified Court System*, 2024 WL 1076543, at *9 (S.D.N.Y. Mar. 12, 2024) (citation omitted) ("[Plaintiff] does not contend, and defendants do not concede, that emotional distress damages would be attainable in [plaintiff's] Article 78 proceeding as 'incidental to the primary relief sought' . . . The Article 78 case law suggests that such damages would not be available there.").

For all of these reasons, and for those in the R&R, Defendants' motion for

summary judgment (Dkt. 108) is GRANTED and Plaintiffs' motion for injunctive relief (Dkt. 110) is DENIED. The Clerk of Court shall close this case.

SO ORDERED.

Dated: November 16, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE